BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 06-A-010-JK

OFFICE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x   ECF CASE   JUDGE KEENAN

GREAT AMERICAN INSURANCE COMPANY a/s/o
Marque Foods and International Foods and Ingredients,   07 Civ.  8553

                          Plaintiff,   COMPLAINT

            - against -

ORIENT OVERSEAS CONTAINER LINE, LTD.,

                         Defendant.

----------------------------------------------------------------x

RECEIVED OCT 03 2007 U.S.D.C. S.D.N.Y. CASHIERS

        Plaintiff, GREAT AMERICAN INSURANCE COMPANY, by their attorneys, Badiak &Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

        1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2.    Plaintiff, GREAT AMERICAN INSURANCE COMPANY (hereinafter referred to as "Great American"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States and

provided all-risk cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business at 65 Broadway, 20th Floor, New York, New York, 10006.

3. Plaintiff Great American has paid the consignees and owners of the shipments mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shippers and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, ORIENT OVERSEAS CONTAINER LINE, LTD. (hereinafter "OOCL"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o OOCL (USA), Inc., Wall Street Plaza, 88 Pine Street, 8th Floor, New York, New York, 10005, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. HANOVER EXPRESS as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Le Harve, France, and Oakland, California.

5. On or before March 2, 2006, there was shipped by Club Restauration, as shipper, and delivered to OOCL and the M.V. HANOVER EXPRESS, at Le Harve, France, as common carriers, a shipment consisting of 1,506 cases of pastries, stowed within ocean shipping container numbered OOLU5760261, provided bt OOCL to the shipper for that purpose, said cargo

then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Oakland, California, via Rotterdam, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Marque Foods, the consignee and plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant OOCL numbered OOLU45281110, dated on or about March 2, 2006.

6. Thereafter the defendant made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $12,207.21.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of their property within this District be attached in the sum of $12,207.21, with interest thereon and costs, the sum sued for in this Complaint;

        3.      That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

        4.      That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:    New York, New York
           October 2, 2007

                BADIAK & WILL, LLP
                Attorneys for Plaintiff,
                GREAT AMERICAN INSURANCE COMPANY

                By: _____
                      JAMES P. KRAUZLIS (JK-4972)